J-S53044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.K., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| N.P.S. AND J.S. | |
| APPEAL OF: J.S. | |
| | No. 818 WDA 2014 |

Appeal from the Order March 31, 2014
in the Court of Common Pleas of Erie County
Civil Division at No.: 13273-2008

BEFORE: DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED OCTOBER 31, 2014**

J.S. (Paternal Grandmother) appeals from the trial court's order awarding sole legal and physical custody of her grandson, N.P.S., Jr. (Child), to his mother, J.K. (Mother). We affirm.

Child was born in July 2006. He lived with Mother until August 2007 when Mother left him in the care of N.P.S., Sr. (Father) because she was incarcerated for a probation violation. (*See* N.T. Custody Trial, 3/24/14, at 100-01). Child was subsequently placed in the care of Paternal Grandmother when Father suffered a seizure brought on by drug and alcohol abuse. (*See id.* at 101). Father has not been a part of Child's life since that

_____

[*] Retired Senior Judge assigned to the Superior Court.

time. (**See id.** at 4). Paternal Grandmother, who lived in Florida at the time, was appointed Child's guardian while Mother was still incarcerated. (**See id.** at 101).

Mother filed a complaint for primary physical custody of Child on July 9, 2008. Paternal Grandmother did not file an answer. On September 10, 2008, the parties agreed to an order of custody by which they shared legal custody and which provided that Child would reside with Paternal Grandmother while Mother would have visitation and partial custody. Mother filed a motion for contempt on July 6, 2010, in which she alleged that Paternal Grandmother was not complying with the custody order of September 10, 2008. The court denied the motion on August 24, 2010. Mother filed a petition for relocation on September 23, 2013.

The trial court held a custody trial on March 24, 2014, and it issued the order awarding Mother sole legal and physical custody on March 31, 2014. Paternal Grandmother filed a motion for reconsideration on April 3, 2014. Mother filed an answer to Paternal Grandmother's motion on April 17, 2014. On April 30, 2014, the trial court entered a supplemental memorandum opinion and order affirming its March 31, 2014 order and granting Mother's request for relocation. On that same date, Paternal

Grandmother filed a timely notice of appeal from the court's March 31, 2014 order.[1]

Paternal Grandmother presents the following questions for our review:

I. [Whether] [t]he trial court committed an error of law and/or abused its discretion in failing to award [Paternal] Grandmother shared physical and legal custody and/or partial physical custody of [Child] pursuant to the factors in section 5328 of the Pennsylvania Child Custody Act[?]

II. [Whether] [t]he trial court committed an error of law and/or abused its discretion when it failed to give proper weight to the expert testimony of [C]hild's counselor when granting sole legal and physical custody to [M]other[?]

III. [Whether] [t]he trial court committed an error of law and/or abused its discretion in failing to give proper weight [to] [P]aternal [G]randmother's role as primary caretaker [of Child] for the past six years when it gave sole legal and physical custody to [M]other without any transition period with gradual extended visits with [M]other[?]

IV. [Whether] [t]he trial court committed an error of law and/or abused its discretion in failing to provide a regularly scheduled visitation schedule for [P]aternal [G]randmother[?]

V. [Whether] [t]he trial court committed an error of law and/or abused its discretion in failing [to] consider the factors in section 5337 of the Pennsylvania Child Custody Act as Mother filed a Petition for Relocation which was properly before the [c]ourt[?]

(Paternal Grandmother's Brief, at 3).

Our scope and standard of review is as follows:

_____

[1] Paternal Grandmother simultaneously filed her statement of errors complained of on appeal with her notice of appeal. *See* Pa.R.A.P. 1925(a)(2)(i). The trial court entered a Rule 1925(a) opinion on May 28, 2014, it which it referred this Court to its previously entered opinions for explanation of its rationale for its decision. *See* Pa.R.A.P. 1925(a)(2)(ii).

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

***C.R.F. v. S.E.F.***, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

We have stated,

. . . [T]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

***Ketterer v. Seifert***, 902 A.2d 533, 540 (Pa. Super. 2006) (citation omitted).

The primary concern in any custody case is the best interests of the child. "The best interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being." ***Saintz v. Rinker***, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted).

We must accept the trial court's findings that are supported by competent evidence of record, and we defer to the trial court on issues of

credibility and weight of the evidence. ***See C.R.F., supra*** at 443. "[I]f competent evidence supports the [trial] court's findings, we will affirm even if the record could also support the opposite result." ***In re Adoption of T.B.B.***, 835 A.2d 387, 398 (Pa. Super. 2003) (citation omitted).

Here, the trial court examined fifteen of the sixteen statutory custody award factors enumerated in 23 Pa.C.S.A. § 5328(a) in its memorandum entered March 31, 2014. (***See*** Trial Court Opinion, 3/31/14, at 5-10). The trial court addressed the remaining custody award factor, the statutory relocation factors enumerated in 23 Pa.C.S.A. § 5337, and the other issues Paternal Grandmother raised in her motion for reconsideration in its supplemental memorandum entered April 30, 2014. (***See*** Trial Court Opinion, 4/30/14, at 1-5).

In her first issue, Paternal Grandmother questions whether the trial court properly evaluated the statutory custody factors. (***See*** Paternal Grandmother's Brief, at 18-28). She addresses those factors by reexamining the evidence presented to the trial court and asking us to reach a different conclusion. (***See id.***). This we may not do. We must accept the trial court's findings that are supported by competent evidence of record, and we defer to the trial court on issues of credibility and weight of the evidence. ***See C.R.F., supra*** at 443.

> The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful

and thorough, and we are unable to find any abuse of discretion.

**S.M. v. J.M.**, 811 A.2d 621, 623 (Pa. Super. 2002) (citation omitted).

In the instant case, we have carefully examined the trial court's analysis of the statutory custody factors in light of the record. We are satisfied that the trial court's determination to grant Mother sole physical and legal custody of Child as in Child's best interest is reasonable as shown by the evidence of record. The court noted that Mother has demonstrated a love of Child and has shown improvement in her lifestyle and parenting ability. We defer to the trial court in its weighing of the evidence. We discern no error of law or abuse of discretion. Paternal Grandmother's first issue does not merit relief.

In her second issue, Paternal Grandmother complains that the trial court failed to give proper weight to the testimony of Child's counselor, Pamela Presler. (**See** Paternal Grandmother's Brief, at 27-29). We disagree and quote the trial court's analysis of Ms. Presler's testimony, with approval:

> No great weight is given to [Ms. Presler's testimony]. She told the court the majority of her initial sessions were spent with [Paternal Grandmother], obtaining information, and hearing her concerns. She saw [Child] five times individually in 2013. She met with [Mother] once. The majority of the information she used in making her recommendations came from Paternal Grandmother. Much of that information was either incomplete or slanted in her favor. [Ms. Presler] never saw . . . Child interact with . . . Mother. Presler noted in her report it is not her "role to make custody recommendations." She followed that statement with suggestions the evidence at trial shows Mother complied with.

> Because of a lack of input from Mother, and the
> incompleteness of the information Presler was given by Paternal
> Grandmother, Presler's testimony was of little assistance to the
> [trial court] in determining what would be in the best interests of
> . . . Child.

(Trial Court Opinion, 4/30/14, at 1-2) (record citations omitted).  The record supports the trial court's analysis.  Paternal Grandmother's second issue does not merit relief.

Paternal Grandmother supports her third issue, her claim that the trial court failed to give proper weight to her role as primary caretaker, with a single sentence referring this Court to the first issue in her brief stating, "This issue is addressed in factors (3), (4), (9) and (10)."  (Paternal Grandmother's Brief, at 29).  As stated above, we are satisfied that the trial court did not abuse its discretion on the first issue.  Paternal Grandmother's third issue is without merit.

In her fourth issue, Paternal Grandmother claims that the trial court erred in failing to provide a schedule of visitation for her with Child.  (*See id.*).  According to Paternal Grandmother, "The trial court's abrupt change in custody without providing scheduled visitation with [Paternal Grandmother] is unreasonable given the undisputed testimony at trial that [Paternal Grandmother] should remain in . . . Child's life on a regular and consistent basis."  (*Id.*).  We again quote the trial court, with approval:

> Contrary to Paternal Grandmother's assertions, there is no
> evidence the change [in custody] will be so abrupt or sudden it
> will traumatize . . . Child given his young age, and his
> relationship with . . . Mother.  Mother has addressed the
> problems of concern to Presler in her report.  There was nothing

offered at trial to indicate the problems still exist or that Mother is incapable of properly parenting [Child].

(Trial Court Opinion, 4/30/14, at 2). The record supports the trial court's determination that a change in custody from Paternal Grandmother to Mother without any transitional visitation will not have any detrimental effect on Child.

In her fifth issue, Paternal Grandmother claims that the trial court erred in failing to consider the factors relating to relocation, 23 Pa.C.S.A. § 5337. (*See* Paternal Grandmother's Brief, at 29). Paternal Grandmother supports her argument by, once again, reexamining the evidence and asking us to reach a different conclusion, which we will not do. We have, however, reviewed the trial court's analysis of the relocation factors in its supplemental memorandum in light of the record and are satisfied that the trial court's determination that relocation is in Child's best interest is supported by the record. (*See* Trial Court Opinion, 4/30/14, at 2-5). The trial court found that relocation will enhance the general quality of life for Child both financially and emotionally, with no impact on his education. Paternal Grandmother's fifth issue does not merit relief.

Accordingly, for the reasons stated, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/31/2014